1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LAUREN LANKFORD,                         No.  2:23-cv-1759  DB P

12                Plaintiff,

13        v.                                    ORDER

14    SOLANO CO. JUSTICE CTR., et al.,

15                Defendants.

16

17        Plaintiff, an inmate at the Solano County Justice Center, filed this action under 42 U.S.C.

18    §1983.  Before the court are plaintiff's complaint for screening and plaintiff's motion to proceed

19    in forma pauperis.  For the reasons set forth below, this court grants plaintiff's motion to proceed

20    in forma pauperis and finds plaintiff states no cognizable claims for relief.  Plaintiff will be given

21    an opportunity to amend the complaint.

22                              **IN FORMA PAUPERIS**

23        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

24    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

25    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

26    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

27    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

1    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

4    §1915(b)(2).

5                                              **SCREENING**

6    **I.  Legal Standards**

7            The court is required to screen complaints brought by parties proceeding in forma

8    pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

9    2000) (en banc).  The court must dismiss a complaint or portion thereof if the party has raised

10   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

12   U.S.C. § 1915(e)(2).

13           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

15   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

19   the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

20   showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

21   the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

22   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23           However, in order to survive dismissal for failure to state a claim a complaint must

24   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

26   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

27   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

28   ////

2

1   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

2   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3   **II.  Discussion**

4         **A.  Plaintiff's Allegations**

5         Plaintiff identifies six defendants:  (1) Solano County Justice Center; (2) Sergeant K.

6   Bettencourt; (3) Officer G. Torres; (4) Officer K. Wilson; (5) Officer M. Merrick; and (6)

7   Lieutenant A. Hagan.  Defendants 2-6 are employed by Solano County at the Justice Center.

8         Plaintiff alleges the following.  In July 2023, plaintiff had three disciplinary hearings.

9   Two were conducted by defendant Wilson and one was conducted by B. Gonzales.  Each hearing

10  lasted one minute and resulted in a guilty finding without any investigation into plaintiff's

11  statements or into witness statements.  Plaintiff contends Solano County's disciplinary

12  proceedings violate her rights to due process.

13        In her second claim, plaintiff alleges that defendant Bettencourt rejected plaintiff's

14  grievances on the grounds that they violated Justice Center policy because they involved more

15  than one subject.  Defendant Hagen "continues to unfound legitimate grievances."

16        In her third claim, plaintiff alleges that defendant Torres awakened plaintiff in the middle

17  of the night to cut a ring off plaintiff's finger.  Based on this incident, defendant Merrick

18  retaliated against plaintiff by writing her up for clogging up the plumbing.

19        **B.  Does Plaintiff State Claims for Relief?**

20          **1.  Disciplinary Proceedings**

21        As best this court can tell, plaintiff is alleging that the Solano County Justice Center's

22  policies for adjudicating disciplinary infractions violate due process because they do not provide

23  an opportunity for plaintiff to be heard or to present witnesses.

24        Prisoners retain their right to due process subject to the restrictions imposed by the nature

25  of the penal system.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Prison disciplinary

26  proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant

27  in such proceedings does not apply.  See id.  But the Due Process Clause requires certain

28  minimum procedural protections where serious rules violations are alleged, the power of prison

1  officials to impose sanctions is narrowly restricted by state statute or regulations, and the

2  sanctions are severe.  See id. at 556-57, 571-72 n.19.  Later, the Court limited application of the

3  Wolff standards to prisoners who show that the deprivation of their liberty was "an atypical and

4  significant hardship on the inmate in relation to the ordinary and normal incidents of prison life."

5  Sandin v. O'Connor, 512 U.S. 472, 485 (1995).

6      In order to state a claim, plaintiff must allege facts showing that she suffered an atypical

7  and significant hardship as a result of the disciplinary proceedings.  The Ninth Circuit described

8  three factors to consider when determining whether the deprivation imposed meets the Sandin

9  standard:

10          "1) whether the challenged condition 'mirrored those conditions
            imposed upon inmates in administrative segregation and protective
11          custody,' and thus comported with the prison's discretionary
            authority; 2) the duration of the condition, and the degree of restraint
12          imposed; and 3) whether the state's action will invariably affect the
            duration of the prisoner's sentence."
13

14  Brown v. Oregon Dept. of Corr., 751 F.3d 983, 987 (9th Cir. 2014) (quoting Ramirez v. Galaza,

15  334 F.3d 850, 861 (9th Cir. 2003)).  Plaintiff fails to identify the disciplinary charges or explain

16  what she suffered as a result of each of the guilty findings.  Plaintiff will be given an opportunity

17  to amend the complaint to attempt to state a due process claim.

18                              **2. Grievance Procedures**

19      Plaintiff is advised that prisoners are not entitled to a specific grievance procedure.

20  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals

21  because no entitlement to a specific grievance procedure) (citing Mann v. Adams, 855 F.2d 639,

22  640 (9th Cir. 1988)).  "[A prison] grievance procedure is a procedural right only, it does not

23  confer any substantive right upon the inmates."  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.

24  Ill. 1982); accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v.

25  Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty

26  interest on prisoner).  "Hence, it does not give rise to a protected liberty interest requiring the

27  procedural protections envisioned by the Fourteenth Amendment."  Azeez, 568 F. Supp. at 10;

28  Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986); Jones v. Corizon Health, No. 1:16-cv-

                                                4

1   1055-SKO (PC), 2017 WL 2225075, at *6 (E.D. Cal. May 22, 2017).  While this court finds it

2   unlikely plaintiff can state a claim regarding the Justice Center's policies for processing

3   grievances or the conduct of defendants Bettencourt or Hagen in handling plaintiff's grievances,

4   this court will permit plaintiff the opportunity to attempt to state a claim.

5              **3.  Retaliation**

6         To state a First Amendment claim for retaliation, plaintiff must allege facts showing :  (1)

7   a state actor took an adverse action against him (2) because of (3) his exercise of protected

8   conduct, and that such action (4) chilled his exercise of his First Amendment rights, and (5) the

9   action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d

10  559, 567-68 (9th Cir. 2005) (footnote omitted).  In the present case, plaintiff fails to explain what

11  she did to exercise her First Amendment rights.  Nor does plaintiff show any connection between

12  the actions of defendant Merrick and the incident involving defendant Torres' removal of

13  plaintiff's ring.  It is also worth noting that, while plaintiff identifies Torres as a defendant,

14  plaintiff fails to identify any sort of legal claim against Torres.

15              **CONCLUSION**

16        Above, this court finds plaintiff fails to state any claims for relief.  Plaintiff will be given

17  an opportunity to amend the complaint.

18        In an amended complaint, plaintiff must address the problems with her complaint that are

19  explained above.  Plaintiff is advised that in an amended complaint she must clearly identify each

20  defendant and the action that defendant took that violated plaintiff's constitutional rights.  The

21  court is not required to review exhibits or other filings to determine what plaintiff's charging

22  allegations are as to each named defendant.  Plaintiff must include ALL claims she wishes to

23  pursue in one amended complaint.

24        Plaintiff must identify as a defendant only persons who personally participated in a

25  substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d

26  740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if

27  he does an act, participates in another's act or omits to perform an act he is legally required to do

28  that causes the alleged deprivation).  "Vague and conclusory allegations of official participation

                                    5

1    in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

2    1982) (citations omitted).

3         In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed.

4    R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.

5    R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or

6    occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

7         Plaintiff may not bring claims against different defendants that are not related to each

8    other. Fed. R. Civ. P. 20(a)(2). "[M]ultiple claims against a single party are fine, but Claim A

9    against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated

10   claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607

11   (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does not transform

12   unrelated claims into related claims.

13        The federal rules require a simple description of a party's claims. Plaintiff's claims must

14   be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema

15   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

16   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

17        An amended complaint must be complete in itself without reference to any prior pleading.

18   E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

19   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

20   evidentiary support for his allegations, and for violation of this rule the court may impose

21   sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

22        For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

23   follows:

24        1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

25        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

26            is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

27            1915(b)(1). All fees shall be collected and paid in accordance with this court's order

28            to the Solano County Sheriff filed concurrently herewith.

1    3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

2    4. Plaintiff is granted sixty days from the date of service of this order to file an amended

3 complaint that complies with the requirements of the Federal Rules of Civil Procedure and the

4 Local Rules of Practice.  The amended complaint must bear the docket number assigned this case

5 and must be labeled "First Amended Complaint."  Failure to file an amended complaint in

6 accordance with this order may result in a recommendation that this action be dismissed.

7    5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

8 form used in this district.

9 Dated:  July 23, 2024

11

12    DEBORAH BARNES
   UNITED STATES MAGISTRATE JUDGE

25 DLB:9/
DB prisoner inbox/civil rights/S/lank1759.scrn LTA

7